Katherine R. STAAB, Respondent,

v.

Richard C. STAAB, Appellant.

No. KCD 26830.

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1974.

Allan J. Fanning, Kansas City, for appellant.

Anthony J. Romano, Kansas City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

This is an appeal from a judgment in a divorce proceeding wherein the court below awarded the plaintiff (respondent here) a decree of divorce from the defendant (appellant here) on the ground of general indignities; denied appellant relief on his cross petition; awarded respondent lump sum alimony in the amount of $2500.00 and periodic alimony of $75.00 per week together with attorney's fees and costs. No children are involved in this proceeding.

The appellant asks that the judgment below be reversed upon three points, which may be summarized: *first*, that he was the

innocent and injured party and was entitled to a divorce decree on his cross petition on the ground of general indignities; *second*, the court below exceeded its jurisdiction and abused its discretion in awarding respondent *both* alimony in a lump sum and also alimony on a periodic basis under Section 452.080 RSMo 1969, V.A.M.S.; and *third*, that the alimony award was excessive under the evidence and was not supported by adequate proof.

 The case was vigorously contested in the court below and there was sharp conflict in the evidence, both as to fault and as to the financial condition and needs of the parties. No purpose would be here served by a detailed recount of this testimony and evidence. The lengthy transcript, exhibits, briefs and authorities relied upon by the parties have been carefully reviewed. It is clear that under the restrictions placed upon the scope of review in cases of this nature and the deference which is properly due to the trial court as to the credibility of the witnesses, that the court below based its judgment on the appellant's first and third points upon substantial evidence. Rule 73.01(d), V.A.M.R.; Forrest v. Forrest, 503 S.W.2d 80, 83 [1] (Mo.App.1973); T. v. T., 447 S.W.2d 795, 796 [2] (Mo.App.1969).

 As to the appellant's second point, it is no longer open to valid argument that under Section 452.080 RSMo 1969, V.A.M.S., trial courts in divorce proceedings had jurisdiction and discretion to allow the innocent, faultless and dependent wife both lump sum alimony and periodic alimony (subject in the latter case to review according to change of circumstances). Hawkins v. Hawkins, 511 S.W.2d 811, 813 [2] (Mo.1974).

The judgment below was based upon competent evidence, no error of law appears, and the judgment is not clearly erroneous. Rule 73.01(d). Further discussion herein would have no precedential value. Rule 84.16(b).

The judgment is affirmed.