CENTRAL MOLONEY, INC., TRANSFORMER DIVISION, and Colt Industries, Inc., a Delaware Corporation a/k/a Moloney Electric Company, Respondent-Plaintiff,

v.

The CITY OF ST. LOUIS, a Municipal Corporation, et al., Appellants-Defendants.

No. 35923.

Missouri Court of Appeals, St. Louis District, Division Two.

Aug. 19, 1975.

Latney Barnes, Mexico, John C. Danforth, Atty. Gen., Carroll J. McBride, Asst. Atty. Gen., Jefferson City, for appellants-defendants.

Fred M. Switzer, III, Clayton, for respondent-plaintiff.

STEWART, Judge.

The respondent, hereafter called plaintiff, brought an action "For Declaratory Judgment, and for Injunctive Relief" against the appellants, who will be referred to as defendants. The defendants are the City of St. Louis, the executive officers of the St. Louis Council on Human Relations, the Chairman and the members of the Fair Employment Practices Division of the St.

Louis Council on Human Relations and James L. Williams, a former employee of plaintiff. By its petition plaintiff sought to have the trial court declare Ordinance 51512 of the City of St. Louis invalid; that the complaint of the defendant James L. Williams, be declared barred by the period of limitation set forth in § 296.040(7),[1] and for an injunction restraining defendants from enforcing or attempting to enforce the ordinance.

Both § 296.010 et seq. and Ordinance 51512 were enacted to eliminate and prevent discriminatory practices in matters of employment because of race, creed, color, religion, national origin or ancestry.

The statute and the ordinance cover the same general subject matter and for our purposes can be said to be identical with one glaring exception. Under the statute the time for filing a complaint is limited to 90 days. No mention is made in the ordinance of any limitation upon the time within which a complaint may be filed.

The court entered judgment in favor of plaintiff finding that the defendants, members of the Fair Employment Practices Division of the St. Louis Council on Human Relations, had no jurisdiction over the complaint of the defendant, Williams, because § 296.010 et seq. pre-empts the subject matter of Ordinance 51512 of the City of St. Louis and because the complaint was filed more than 90 days from the date that Williams was discharged and was therefore barred by the limitation provisions of the statute. The court decreed that the defendants be enjoined from proceeding to enforce the provisions of the ordinance against plaintiff ". . . on the basis of the complaint against the plaintiff filed January 16, 1970, by the defendant James L. Williams with the defendant Fair Employment Practices Division of the defendant St. Louis Council on Human Relations, or on the basis of any of the facts alleged in said complaint or on the basis of the plain-

tiff's discharge of the defendant James L. Williams on October 6, 1969".

The plaintiff employs more than 400 persons in the City of St. Louis. It would thus come within the purview of the subject ordinance and § 296.010 et seq. Defendant, James L. Williams, a black man, had been employed by the plaintiff since September 21, 1964. He was employed under the terms and conditions of the Collective Bargaining Agreement between plaintiff and the Electrical Workers Independent Union. On October 6, 1969, plaintiff discharged defendant, Williams. Williams filed a grievance against the plaintiff under the terms and provisions of the Collective Bargaining Agreement which was processed up to the point of arbitration, at which time the Union elected not to submit the grievance to arbitration. The grievance was thus resolved in favor of plaintiff.

On January 16, 1970, more than 90 days after the date of his discharge plaintiff filed a written complaint with the defendant Division of Fair Employment Practices of the St. Louis Council on Human Relations. The complaint alleged that the discharge was racially motivated.

In accordance with the terms of the ordinance the plaintiff was notified that the Division had determined there was probable cause to credit the allegations made by defendant Williams and set forth a finding of probable cause and remedy requesting voluntary compliance. The voluntary compliance proposal required reinstatement, restoration of seniority, and compensation by way of three months salary or alternatively to compensate the complainant in a sum equal to 6 months salary at the rate he was earning upon termination. Plaintiff informed the Division that it did not agree with the finding and would not comply with the proposed remedy and that it would not negotiate an alternative conciliation. The matter was subsequently set down for a hearing. Prior to the date of hearing this action was filed.

1. All statutory references are to R.S.Mo.1969 unless otherwise indicated.

On oral argument, in this court, the parties announced that the plaintiff and defendant, James L. Williams, had entered into a settlement disposing of the complaint filed by Mr. Williams. At the request of the court a copy of that settlement agreement was filed with the court.

The incident giving rise to this action was the discharge of the defendant, Williams. The action portion of the judgment which the defendants wish to overthrow enjoins them from proceeding with the complaint of the defendant, Williams, which was the justiciable controversy which gave rise to this action. Upon settlement of the controversy the question became moot. "A question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy." *Preisler v. Doherty,* 364 Mo. 596, 265 S.W.2d 404, 407 (banc 1954). When there is no existing controversy we should not retain jurisdiction.

The remaining parties urge us to rule because, they contend, the issue is not moot although the parties who are directly affected have settled their controversy.

Absent the pendency of the complaint of Mr. Williams plaintiff would have had no standing to bring this action. By removing the controversy which gave plaintiff the necessary standing its' status reverts to that which it held before the complaint was accepted. It is not a question of the issue being justiciable but whether the person bringing the action is a proper party to seek adjudication of the issue at the time it is to be determined.

For the reasons herein stated the appeal is dismissed and the cause is remanded with directions to dismiss this action as moot.

CLEMENS, P. J., and KELLY, J., concur.