**Ralph Raymond CARR, Jr., Plaintiff-Appellant,**

v.

**Rosalie CARR, Defendant-Respondent.**

No. 10127.

Missouri Court of Appeals, Springfield District.

Sept. 23, 1977.

---

**512**

John B. Newberry, Springfield, for plaintiff-appellant.

John S. Pratt, Springfield, for defendant-respondent.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Dissolution proceeding. Husband has appealed from the decree of dissolution of marriage entered in the Circuit Court of Greene County awarding wife gross maintenance of $2,500 and monthly maintenance of $100. He contends gross maintenance is not allowable under present Missouri law and there was no substantial evidence to support the monthly award. We affirm.

Husband avers that with the enactment of the new Dissolution of Marriage statutes [§§ 452.300–452.415, RSMo 1973 Supp.] the trial courts of this state have no jurisdiction to make an award of gross maintenance and are limited to awarding periodic maintenance.

■ Husband's contention overlooks the fact that § 452.080, RSMo 1969, was not repealed by the legislature and this statute authorizes awards of alimony in gross, from year to year, or both.[1] Furthermore, we decline to accept the narrow and limited construction of § 452.335, RSMo 1973 Supp., advanced by husband. To do so would " . . . 'tie the hands' of courts in cases in which both types . . . might be deemed appropriate or necessary in order to mete out justice to both parties." *Hawkins v. Hawkins*, 511 S.W.2d 811, 813 (Mo.1974).

The award of gross maintenance in a dissolution proceeding was directly raised and ruled adversely to husband's contention in the recent St. Louis District case of *D___ E___ W___ v. M___ W___*, 552 S.W.2d 280 (Mo.App.1977). There the court said at 282:

"Section 452.080, RSMo 1969, of the previous divorce act, which specifically authorized alimony in gross was not repealed by the Missouri legislature when the dissolution statute was passed. In addition, the words of § 452.335, RSMo 1973 Supp., the maintenance provision, do not preclude an interpretation authorizing a gross award. The statute specifies, 'The maintenance order shall be . . . for such *periods* of time as the court deems just. . . .' (Emphasis added.) By such language the statute allows, but does not require, that awards be extended over several periods of time. Section 308 of the Uniform Marriage and Divorce Act, §§ 101–506 (1970), which is identical to § 452.335, RSMo 1973 Supp., of the Missouri statute, has been interpreted as allowing gross awards. *In re Marriage of Icke & Icke*, 35 Colo.App. 60, 530 P.2d 1001 (1974) and *Moss v. Moss*, 35 Colo. App. 53, 531 P.2d 635 (1974)."

We agree with the reasoning of the court in *D___ E___ W___ v. M___ W___*, supra, and hold the trial court was authorized under Missouri statutes to award the wife gross maintenance.

■ We have read the transcript and contrary to husband's contention, conclude the award of monthly maintenance to the wife is supported by substantial evidence. And, we are admonished by *Murphy v. Car-*

1. *Hawkins v. Hawkins*, 511 S.W.2d 811 (Mo. 1974); *Grotjan v. Grotjan*, 519 S.W.2d 350 (Mo. App.1975); *Staab v. Staab*, 515 S.W.2d 787 (Mo.App.1974).

*ron*, 536 S.W.2d 30, 32 (Mo. banc 1976), the judgment of the trial court is to be sustained by this court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. . . . "

The judgment is affirmed.

All concur.