**In re the MARRIAGE OF Josephine Dora ARNETT, Plaintiff-Petitioner,**

**and**

**James Melvin Arnett, Defendant-Appellant.**

**No. 41072.**

Missouri Court of Appeals, Eastern District, Division Three.

March 18, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 18, 1980.

Hale W. Brown, Kirkwood, for defendant-appellant.

Mildred M. Hessel, Clayton, for plaintiff-petitioner.

DOWD, Judge.

James Arnett, defendant-husband, appeals from a judgment of $20,000 maintenance in gross awarded to Josephine Arnett, plaintiff-wife, incident to a dissolution of marriage.

Plaintiff and defendant were married in 1954 and lived together as husband and wife until a separation in March, 1977. Of the three children born of the marriage, two were emancipated at the time of the separation and the third, a teenage daughter, remained in the wife's custody.

Plaintiff filed for dissolution which was granted on October 27, 1978. The trial court granted custody of the minor child to plaintiff and further awarded her $20,000.00 maintenance in gross and such furnishings and other personal items as were in her possession at the time of trial, valued at approximately $600.00. Defendant was awarded a 1973 boat, 1970 Ford truck, stereo, furniture, television, antique dining table, and his McDonnell Douglas Pension and Savings Plan. The record indicates that defendant had withdrawn all the funds in his pension plan and had borrowed $4,000 from his parents signing over the boat previously mentioned as collateral. Defendant testified that he needed the money to pay bills incurred during the marriage. Defendant was charged with payment of marital debts including a Famous-Barr charge account and various medical and utility bills. Plaintiff was charged with payment of her separate debts.

Defendant complains on appeal that the trial court erred in awarding $20,000 maintenance in gross to plaintiff on the grounds: (1) that she did not demonstrate need nor prove by her good conduct that she was entitled to the award, (2) that the trial court abused its discretion in awarding maintenance in gross because there was no evidence that defendant had sufficient means to pay the award, (3) that the trial court violated § 452.335 in making such award. For the following reasons we af-firm the trial court's award of $20,000 maintenance in gross payable to the plaintiff at a rate of $75.00 per week.

Section 452.335, RSMo 1974 authorizes the trial court to award maintenance to either spouse upon a showing, inter alia, by the party seeking the award that he lacks sufficient property to meet his reasonable needs and is unable to support himself through appropriate employment. One factor to be considered by the court in determining the amount of the award is the conduct during the marriage of the party seeking maintenance.

The evidence indicates that the plaintiff was forty-three years old at the time of the divorce. She had not completed grade school and had held jobs which required little skill during the course of the marriage. According to her testimony, plaintiff is a licensed beautician but unable to pursue this occupation due to bad nerves and a condition commonly known as "tennis elbow". Plaintiff further testified that she had suffered a stroke five or six years prior to divorce and, had been hospitalized twice in the past two years. The plaintiff's daughter testified that her mother was emotionally unfit for work but was willing to work in the future. Plaintiff stated that she had been looking for work during the past five or six months but was unable to find a job.

Defendant's contention, that the plaintiff had engaged in immoral conduct either during the marriage or subsequent to the separation, is not supported by the evidence. On the contrary, according to the defendant's own testimony the plaintiff was at all times a good wife, mother, and homemaker during the marriage. The only adverse evidence of plaintiff's behavior after separation was by way of innuendo. Defendant infers and asks this court to infer immoral conduct from the fact that the plaintiff was working as a live-in housekeeper for a gentleman and his daughter at the time of the divorce. This court will not make such an inference of bad conduct in the face of such tenuous circumstantial evidence.

Defendant also claims that the court abused its discretion in making the mainte-

nance award due to the defendant's inability to pay the award. Defendant also argues that the award was improperly made to punish the defendant for his extramarital affair.

A review of defendant's testimony leaves no doubt as to his ability to pay. Defendant has been employed by the same company for approximately twelve years. He has received merit raises on a regular basis and stated that he expected to receive one in 1978. In 1977 the defendant's gross income was $19,019. Between January 1978 and the time just prior to divorce defendant's gross income was $15,754. Defendant testified to monthly expenses of approximately $430 per month. We believe, considering the defendant's income level and monthly expenses that payment to the plaintiff of $75 per week is not beyond defendant's ability to pay. Defendant admitted on cross examination that he believed payment of $75 per week to be "compatible" with his income. This admission is bolstered by the fact that defendant did in fact give the plaintiff $75 a week for several weeks after separation but prior to divorce. Defendant discontinued these payments not because of financial hardship but because he received a bill from a department store for purchases made by the plaintiff.

Defendant's claim that the trial court's motive for awarding maintenance in gross was to punish the defendant is frivolous. The court's decree of dissolution makes no mention of the conduct of either party nor does the transcript of the proceedings reveal any intent of the court to punish the defendant.

Defendant's third point, that the trial court exceeded its authority in awarding maintenance in gross, is without foundation in the law. Section 452.080, RSMo 1969 which authorizes the court to award maintenance in gross was not repealed by the legislature when it passed the Dissolution of Marriage Act. *D.E.W. v. M.W.*, 552 S.W.2d 280, 282–83 (Mo.App.1977); *Carr v. Carr*, 556 S.W.2d 511, 512 (Mo.App.1977). An award of maintenance is properly payable in gross where it is not likely that the conditions of the parties will change. *La-*

*ney v. Laney*, 535 S.W.2d 510, 512 (Mo.App. 1967). The plaintiff's situation discussed, *supra*, indicates that it is unlikely that she will ever be able to fully support herself. Similarly, the defendant's work history indicates future job stability and no expected change in his ability to pay the weekly installments on the award. Considering the fact that defendant has established a life entirely separate from the plaintiff an award in gross as opposed to periodic maintenance is to his advantage because an award in gross allows the parties to completely sever their ties with one another. *D.E.W. v. M.W.*, *supra*.

After a thorough review of the evidence before us we do not find the award of maintenance in gross to be patently unwarranted in light of the plaintiff's physical and emotional condition and lack of formal education nor is it beyond the defendant's financial ability to pay. *Sawtell v. Sawtell*, 569 S.W.2d 286, 288 (Mo.App.1978).

Judgment affirmed.

CRIST and REINHARD, JJ., concur.