**Elizabeth Marnae WARREN, Appellant,**

v.

**Jimmy Dean WARREN, Respondent.**

**No. WD 30953.**

Missouri Court of Appeals,
Western District.

July 8, 1980.

Donald L. Allen, Lee's Summit, for appellant.

Ralph E. Pratt, Independence, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

Elizabeth Warren, the wife and petitioner in this action for dissolution of marriage, appealed judgment awards of maintenance and child support and the order dividing marital property. On oral argument before this court, counsel abandoned the issue of property division because post-judgment transactions between the parties had rendered the question moot. Those same

events, as will be hereafter detailed, have also affected review of the issue of maintenance. The contention of the wife remains, however, that maintenance and child support as awarded were inadequate.

The marriage of the parties spanned a period of twenty-four years and produced four issue, two of whom had become emancipated as of the date this action was commenced. Of the two younger children, Jimmy, Jr. was eighteen at the time of trial and, although still living at home, he was self-supporting. Erin was thirteen and dependent. Custody of Jimmy, Jr. and Erin was awarded to the wife and the husband was directed to pay child support of $25.00 per month per child.

Although she had former employment experience, the wife was disabled from working currently and she had no prospect of deriving income from her own resources at any predictable future date. By her own account, expenses to maintain herself and the daughter exceeded $1,200.00 a month assuming her continued occupancy of the family home. Because of her disability, the wife was receiving social security payments of $373.00 a month, of which amount $125.00 was allotted for the account of the minor daughter, Erin. The husband's income was estimated at $800.00 a month with some prospect of future improvement. Family debts, in addition to two mortgages on the home, amounted to $6,500.00. The trial court declined to award the wife periodic maintenance but did order that she be paid maintenance in gross of $10,550.00 in monthly installments of $250.00. The judgment expressly provided that maintenance payment default by the husband would not accelerate unmatured installments, the consequence being that the maintenance award was equivalent to an allowance of $250.00 per month terminating at a set future date.

The only marital asset of significant monetary value was the family home having an equity of approximately $20,000.00. Other assets consisted of two automobiles, one of which was mortgaged to value, household goods and personal effects. The court divided the marital property by setting over to the husband the family home, its contents, one automobile and his personal effects. The wife received the other car and her clothing. Attorney fees for the wife amounting to $1,000.00 were ordered paid by the husband.

As noted above, further transactions between the parties occurred while this appeal was pending, the details being reported to the court by counsel on oral argument and exemplified by documents filed as a supplement to the record. The intentions of the parties and the consequences of their conduct may be in dispute, but the events themselves are not in controversy.

Soon after entry of the decree in the case, the husband determined to sell the family home which had been set apart to him and on August 27, 1979, he signed a real estate sale contract. The decree had been entered April 23, 1979, the notice of appeal by the wife was filed May 19, 1979 and by August 3, 1979 the transcript on appeal had been prepared and filed. Of course, examination of the real estate title on behalf of the buyer disclosed not only the lien of the existing judgment for maintenance in gross due the wife, but also the pendency of this appeal in which the wife challenged the order from whence the husband derived his exclusive title. The exceptions of these details required satisfaction before the sale could be closed.

In negotiations not disclosed through any record here, the wife required payment in full of the maintenance judgment and her attorney fees in exchange for which she executed a quit claim deed releasing any interest she had in the residence. The sale was thereafter completed, the wife received a lump sum payment of $10,550.00 and her attorney was paid the fee as allowed in the original judgment. After all disbursements, including satisfaction of the real estate mortgage balances, the husband realized a net recovery of $7,021.50.

From these events, the wife concedes that she has released any claim she may have had to dispute the trial court's disposition of the family home and, such having been the only asset of significant value, the

question of marital property division is abandoned. She continues to claim, however, that the issue of maintenance has survived and she reasserts and presses her point of error contending that the trial court improperly and unjustifiably awarded gross maintenance when periodic maintenance should have been decreed. The husband counters by observing that the wife has demanded and received full payment of the maintenance adjudged and she should not now be heard to question the propriety of a judgment which she employed to her advantage and benefit in the interval while this appeal pended. Quite apparently, the issue so presented must be resolved before consideration may be given to the original questions which this appeal addressed on the earlier briefs.

Counsel informed the court that the judgment roll in this case reflects no entry showing satisfaction of the maintenance award, apparently because no requirement for such an entry was interposed as a condition for payment. Actual satisfaction of the judgment, however, is beyond dispute. Among the documents filed as a supplementary record in this case is an affidavit signed by the wife in connection with the closing of the real estate sale. There she acknowledges " * * * receipt for said full amount of gross maintenance * * * as would have been paid at the rate of $250.00 per month through September 23, 1982." The wife's counsel on argument agreed that payment of the sum in question was negotiated on the basis of it being in satisfaction of the alimony in gross award. That judgment has therefore been fully paid. By reason of this acknowledged payment, has the original contest been rendered moot? We conclude that it has.

■ Addressing this question, the wife first argues in a supplemental brief that none of the events which followed entry of the judgment is properly for consideration by this court because the record is limited to the content of the transcript on appeal.

She suggests that the events involving sale of the real estate were described only to explain why the issue of division of marital property was not to be pursued and objects to consideration of these otherwise uncontested facts in any other context. This contention is without merit even were it to be assumed that statements and concessions by counsel in argument are not to be regarded as part of the case record. For the purpose of considering whether questions presented in an appeal have become moot, the appellate court is permitted to consider matters outside the record. *Mudgett v. Peterson*, 482 S.W.2d 472, 474 (Mo.1972).

■ The fundamental reason why the issue of maintenance is no longer open in this case is because judgment was rendered on the wife's claim and the judgment is now satisfied. Although the wife continues to claim entitlement to periodic maintenance, as she has done throughout the case, at no time has she ever contended that both maintenance in gross and periodic maintenance should have been allowed.[1] The award of maintenance pursuant to § 452.-335, RSMo 1978 fully and finally determined the rights and liabilities of the parties on this aspect of the case and because maintenance was awarded in gross, it was not subject to modification. *Laney v. Laney,* 535 S.W.2d 510 (Mo.App.1976). The wife has received full payment upon this adjudication of her support rights. Where the judgment debtor pays and the judgment creditor accepts the full amount of the judgment, it is thereby extinguished. *Central Surety and Insurance Corp. v. New Amsterdam Casualty Co.*, 216 S.W.2d 527, 533 (Mo.App.1948), reversed on other grounds, 359 Mo. 430, 222 S.W.2d 76 (1949).

In her argument, the wife assumes that a bar to continued assertion of her maintenance claim must turn on whether she is estopped to do so by her acceptance of the benefit from the judgment. She contends that estoppel will not be permitted to condone fraud or create an inequitable result

1. Both maintenance in gross and periodic maintenance may be allowed in special situations.

*Carr v. Carr*, 556 S.W.2d 511 (Mo.App.1977).

and, in support, she cites *Block v. Block*, 593 S.W.2d 584 (Mo.App.1979), among other cases.

■ The difficulty with application of these authorities to this case, even assuming that estoppel is the appropriate legal theory, is that no suggestion is made of mistake, deception or coercion involved in the post-judgment transaction. No inference arises from available facts that the wife was under any compulsion to enforce or accept payment on the judgment for maintenance. Rather, the conclusion more appropriately is that she recognized an opportunity to collect a substantial sum of money not then due. She demanded satisfaction in exchange for her signature on the deed and she was paid. The general rule is that one may not voluntarily accept the benefits of a judgment and afterwards prosecute an appeal to reverse it. *Fear v. Ebony Paint Manufacturing Co.*, 238 Mo. App. 560, 181 S.W.2d 559 (1944); *Waddingham v. Waddingham*, 27 Mo.App. 596 (1887). The right to enjoy the fruits of a judgment and the right to attack it on appeal are inconsistent and an election to pursue one course is an abandonment of the other. *Knebel v. Knebel*, 189 S.W.2d 464 (Mo.App. 1945).

■ The inconsistency of the wife's position is tacitly acknowledged by her in her further argument that the award of maintenance in gross was, in reality, an equalizing cash allowance to offset distribution of the family home to the husband. While it may appear mathematically that the amount of maintenance roughly approximates a one-half interest in the home equity, nothing expressed by the trial court in its findings or judgment confirms this assumption. The contention also is subject to the attendant defect that if the award labeled "maintenance" was actually a property division, then no maintenance at all was allowed. In the face of a judgment explicit as to property division and maintenance, supposition and surmise may not be indulged to impugn the trial court's action. By accepting the benefit of the maintenance judgment, the wife has renounced

the opportunity to adopt and pursue the contention here that the judgment was unsound.

■ For the reasons above stated, issues originally raised in this appeal as to the division of marital property and the award of maintenance to the wife have been settled by agreement and performance by the parties and have thus been rendered moot and are no longer appropriate for consideration or decision by this court. The appellate court will not retain jurisdiction after resolution of the controversy has rendered the question moot. *Central Moloney, Inc. v. City of St. Louis*, 527 S.W.2d 39 (Mo.App.1975). Appellate courts do not render advisory opinions or determine moot cases. *Tootle v. Tootle*, 362 S.W.2d 760 (Mo.App.1962).

■ The award of child support, also a subject of this appeal, is not foreclosed from examination by the post-judgment agreements, although events including sale of the family residence and recovery by the wife of the cash settlement need be taken into account. This follows because use of that residence was assumed by the wife in her expense computation while, at the same time, the estimates did not contemplate a cash reserve.

■ By its judgment, the trial court awarded $25.00 a month to be paid the wife for support of Jimmy, Jr. The basis for this allowance is not immediately apparent on this record which shows that the boy was self-supporting and the wife sought no support on his account. On this appeal, however, the propriety of that support award is not directly in issue because the husband did not appeal and the wife's point as briefed only urges that support for the daughter Erin, was insufficient. Under these circumstances, the award for support of Jimmy, Jr., will not be disturbed, the parties having recourse to a motion for modification as and when a change in circumstances justifies application to the trial court for review of that allowance.

As to the daughter, Erin, the husband was also ordered to contribute support of $25.00 a month. The wife's evidence that actual expenses for the girl's care were $180.00 a month was unchallenged. Circumstances previously detailed negate the possibility that the wife could earn and contribute any sum to meet the girl's needs, the social security benefit being the sole source of funds to the wife beyond the support assessed as the husband's obligation. On his own evidence, assuming liquidation of other debts, the husband's ability to contribute amounted to at least $150.00 a month. The award of $25.00 was, under these facts, patently insufficient and was not commensurate with the husband's ability to pay.

Events detailed in this opinion have significantly changed the economic circumstances of the parties from those which existed at the time of trial. Assumptions made as a basis for the wife's estimate of expenses for Erin are no longer valid, one such assumption having been availability of the family home as a place of residence. While the allowance of $25.00 a month was inadequate, this court does not now have the information necessary to assess a support contribution from the husband appropriate to current conditions. Despite some resultant delay, presentation of further evidence to the trial court will more nearly achieve a proper child support award and the case will be remanded for this purpose. In considering the needs of the child and the obligations of the parties, the trial court should not, as the wife here contends, disregard the portion of a social security benefit attributable to the child because a payment expressly designated as an aid for support of the child is a resource of which some account must be taken.

The judgment as to division of marital property and the award of maintenance in gross is affirmed. The judgment as to child support for the son, Jimmy, Jr., is affirmed but the judgment as to child support for the daughter, Erin, is reversed and the case is remanded for further proceedings as to that issue.

All concur.