**Gerald M. GUNKEL, Appellant,**

v.

**Evelyn A. GUNKEL, n/k/a Evelyn Huffman, Respondent.**

**No. 44276.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 2, 1982.

Motion for Rehearing and/or Transfer
Denied April 16, 1982.

Application to Transfer Denied
June 14, 1982.

Keith W. Hazelwood, St. Charles, for appellant.

Claude C. Knight, St. Charles, for respondent.

REINHARD, Presiding Judge.

This is an appeal by husband from an adverse ruling in a declaratory judgment action he filed against his former wife. The parties' twelve year marriage was dissolved on May 20, 1977. Pursuant to the dissolution decree, wife was awarded a 60 foot mobile home and was "awarded the sum of . . . $10,125.75 as and for maintenance in gross payable in the sum of . . . $135.01 per month." This amount represented the outstanding loan balance on the trailer.

Three months later, in August, 1977, wife remarried. In March, 1980, husband terminated his payments to wife. He then filed this declaratory judgment action requesting the court declare the maintenance referred to in the decree as periodic maintenance granted pursuant to § 452.335 RSMo.1978, which terminated upon his wife's remarriage.

The trial court held a hearing and determined that the obligation in the decree was maintenance in gross and denied the relief husband sought.

■ Maintenance in gross is permissible under the new dissolution act. D____ E____ W____ v. M____ W____, 552 S.W.2d 280, 282 (Mo.App.1977); § 452.080 RSMo.1978. If the obligation to pay a spouse is maintenance in gross, it survives the spouse's death or remarriage and constitutes a general lien on the realty of the party against whom the decree was rendered. *Swanson v. Swanson,* 464 S.W.2d 225, 228 (Mo.1971); *Jacobs v. Jacobs,* 628 S.W.2d 729 (Mo.App.—E.D.1982); § 452.-080. Further, when payable in installments, a gross award of maintenance does not lose its distinguishing characteristic of survival of the former spouse's remarriage. D____ E____ W____ v. M____ W____, 552 S.W.2d 280, 284 (Mo.App. 1977).

On the other hand, the obligation to pay maintenance granted pursuant to § 452.335 RSMo.1978 "is terminated upon . . . remarriage of the party receiving maintenance." § 452.370 RSMo.1978.[1]

The dispositive issue in this appeal is whether the required payments constituted periodic maintenance, awarded pursuant to § 452.335, or maintenance in gross, awarded pursuant to § 452.080.

The trial court, in its decree, expressly denominated the sum of $10,125.75 to be payable in the amount of $135.01 per month as "maintenance in gross." The parties also executed a separation agreement. Only the maintenance provisions of the agreement were made a part of the decree. In paragraph 11 of the separation agreement, husband agreed to pay his wife:

[T]he sum of Ten Thousand One Hundred Twenty Five and 75 cents ($10,-125.75) as *maintenance in gross,* what was formerly referred to as *alimony in gross,* and hereby agrees to pay this sum to the Petitioner in the amount of $135.01 per month, with the first payment being due on May 15, 1977 and succeeding payments being due on the 15th of each month until the full sum is paid.

It is hereby agreed by the parties that this amount of *maintenance* shall not be modifiable by a future order of Court and the Respondent hereby agrees that the award shall be considered as *maintenance.*" (emphasis added).

Further, in paragraph 12, wife agreed:

[T]hat so long as there is an outstanding mortgage on this mobile home, the Respondent shall be allowed to satisfy his obligations to make *periodic maintenance* payments of $135.01 per month by making a payment in that sum directly to Community Federal Savings & Loan to satisfy the payment due them on the outstanding mortgage on this mobile home. (emphasis added).

Husband contends that despite the parties reference to maintenance in gross in paragraph 11 of the separation agreement,

---

1. Section 452.075 RSMo.1978 also provides, "[T]he remarriage of the former wife shall relieve the former husband from further payment of alimony to the former wife . . . without the necessity of further court action."

the reference in paragraph 12 to "periodic maintenance" refers to maintenance awarded a spouse pursuant to § 452.335 and creates an ambiguity which must be resolved in his favor. We disagree.

■ We should examine and consider the judgment in its entirety and where it is reasonably possible to do so, it should be construed so as to give force and effect to the judgment, make it serviceable instead of useless, and support rather than destroy it. *Jeans v. Jeans*, 314 S.W.2d 922, 925 (Mo.App.1958). *See also, W. H. Powell Lumber Co. v. Federal Land Bank*, 561 S.W.2d 700, 703 (Mo.App.1978).

■ Here, the trial court explicitly denominated the payments "maintenance in gross." Although, the choice of words in paragraph 12 of the separation agreement was unfortunate, nonetheless it is apparent in light of the entire decree, the reference to "periodic maintenance payments" is only a reference to the manner and method in which the maintenance in gross payments are to be made and is not a reference to periodic maintenance awarded pursuant to § 452.335. We think this is a reasonable construction of the decree and gives force and effect to the judgment. The construction that husband favors creates ambiguity, uncertainty, and makes the decree useless as to these payments. We find no merit to husband's point.

Affirmed.

SNYDER and CRIST, JJ., concur.