Harriet SALLACH, a/k/a Harriet Darvish, Appellant,

v.

Jacques DARVISH, Respondent.

No. 46445.

Missouri Court of Appeals, Eastern District, Division Three.

July 19, 1983.

John B. Kistner, Jr., St. Louis, for appellant.

Nancy S. Everett, Clayton, for respondent.

REINHARD, Judge.

Mother appeals order quashing garnishment and execution against father for unpaid child support. We reverse.

The parties to this action were divorced on April 22, 1976. On February 13, 1980, an order was entered modifying the original decree. This modification granted mother custody of the couple's two minor children, along with $300.00 child support per month. Father was granted visitation, as well as temporary custody during various holidays and for four continuous weeks in the summer. The modification specifically provided, "for the month in which this 4 week period of custody ends, [father] shall not be obligated to pay child support to [mother]."

Later, father filed a motion to modify, requesting custody of the children or, in the alternative, payment of support to the court. Mother filed a cross-motion seeking modification of provisions relating to child support, temporary custody, and residency of the children. A hearing was conducted and on June 15, 1982, the trial court entered an order increasing child support to $400.00 per month, payable on the first day of each month commencing July 1, 1982. Father was also granted temporary custody from June 18, 1982 to July 17, 1982 and from June 15 to July 31 commencing in 1983. The order was silent as to the abatement of support while the children were in the father's custody.

Father refused to pay support during his period of temporary custody, claiming the abatement continued absent mother's specific request for change. Mother sought

garnishment and execution, contending that the new order's silence eliminated abatement. The trial court quashed after interpreting the abatement as continuing.

Our review of the cross motions convinces us that the entire matter of child support was placed before the trial court for its determination and that the new order, by encompassing the entire issue of child support, replaced the previous order. Therefore, absent any reference to an abatement, the decree should be interpreted to mean that there was to be a payment made of $400.00 per month with no abatement. The specific language of the decree, we believe, further supports this conclusion. It provides:

> Respondent shall pay to Petitioner the sum of Two Hundred Dollars ($200.00) per month as and for the support of Corinne Nushin and the sum of Two Hundred Dollars ($200.00) per month as and for the support of Elicia Jessica, for a total child support of Four Hundred Dollars ($400.00) per month, *which shall be due and payable on the first day of each month, beginning July 1, 1982.* (emphasis added).

In addition, the court specified that the payments were to be due and payable on the first day of *each* month, with the increased payment to begin on July 1, 1982. Under the terms of the decree the first payment would be due on a date in which the father had temporary custody. This language only becomes meaningful if we interpret the order as eliminating the abatement. *Gunkel v. Gunkel,* 633 S.W.2d 108, 110 (Mo.App.1982). Accordingly, we find that the trial court intended to set child support at $400.00 per month without exception.

Judgment reversed.

CRANDALL, P.J., and CRIST, J., concur.