**Rella L. HAWKINS, Respondent,**

v.

**Robert W. HAWKINS, Appellant.**

No. 57371.

Supreme Court of Missouri, Division No. 2.

July 22, 1974.

Richard Wolff, Kappel, Neill, Staed & Wolff, St. Louis, for plaintiff-respondent.

James L. Nouss, Donald R. Carmody, Sumner, Hanlon, Sumner, MacDonald & Nouss, Inc. Clayton, for defendant-appellant.

HOUSER, Commissioner.

This is an appeal from a judgment and decree of the Circuit Court of St. Louis County, Division No. 14, following a court trial of a contested divorce case, in which plaintiff-wife was awarded and defendant-husband was denied a decree of divorce, and plaintiff was awarded custody of a minor child; alimony in gross in the sum of $100,000; monthly alimony in the sum of $200; monthly child support of $250; at-

torneys' fees of $12,982; $1,780.54 expenses of litigation, and costs. This Court has jurisdiction because the amount in controversy exceeds $30,000 and the notice of appeal was filed prior to January 1, 1972.

Appellant-husband raises three points on appeal: (1) error in awarding both alimony in gross and from year to year; (2) error in awarding grossly excessive sums in abuse of its discretion contrary to the facts and circumstances shown; (3) error in granting respondent a divorce because she failed to prove that she was the innocent and injured party, and the divorce should have been granted to appellant.

On the first point appellant asserts that alimony is purely a creature of statute and is limited by statute; that § 452.080 authorizes an award of alimony in gross or from year to year but not both.

Section 452.070, RSMo 1969, V.A.M.S., provides that "[w]hen a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, * * * as, from the circumstances of the parties and the nature of the case, shall be reasonable * * *."

Section 452.080, RSMo 1969, V.A.M.S., provides that "[u]pon a decree of divorce in favor of the wife, the court may, in its discretion, decree alimony in gross or from year to year. * * *."

Citing Council Plaza Redevelopment Corp. v. Duffey, 439 S.W.2d 526 (Mo. banc 1969); Longacre v. Knowles, 333 S.W.2d 67 (Mo.1960), and Black's Law Dictionary definition of the word "or", appellant asserts that all words in common use, including the word "or", are to be construed within the limits of their natural, plain and ordinary meaning; that the word "or" when used in its ordinary sense "marks an alternative 'which generally corresponds to the word "either"' ", Duffey, supra, 439 S.W.2d l.c. 532; that it is a disjunctive particle used to express an alternative or to give a choice of one among two or more things. In support of the construction for which he contends appellant cites

Deigaard v. Deigaard, 114 So.2d 516 (Fla. App.1959), and Brewer v. Brewer, 242 S.C. 9, 129 S.E.2d 736 (1963), both construing statutes authorizing an award of alimony in periodic payments or payment in a lump sum; both holding that the statute allows an award of either but not both.

While the word "or" is disjunctive in its nature and in its ordinary sense marks an alternative which generally corresponds to the word "either", Council Plaza Redevelopment Corp. v. Duffey, supra; Jenkins v. Meyer, 380 S.W.2d 315 (Mo. 1964); Horton v. Estate of Elmore, 420 S.W.2d 48 (Mo.App.1967); Sheets v. Thomann, 336 S.W.2d 701 (Mo.App.1960), " * * * it is not always accepted in accordance with its strict grammatical sense, and not infrequently it becomes necessary to give to the word a meaning other than, or different from, that ordinarily assigned to it in common speech. * * * [T]he ordinary significance of the word, that is, as a disjunctive, is often discarded in order to effectuate a contrary manifested intent, and the power of the courts to do this in a proper case has never been questioned. The courts have held the doctrine to be elementary that the word 'or' may be used, interpreted, or construed in a conjunctive or copulative sense rather than in its disjunctive meaning, and hence may be construed as meaning 'and', especially when so doing prevents an absurd or unreasonable result. However, the ordinary interpretation given to the word 'or' is not as a conjunctive; * * * and it never means 'and' unless the context requires such construction. * * * [I]t should be construed as 'and' only when necessary to give effect to the intention, and the substitution should not be made where such construction would be inconsistent with the intent as shown by the whole context and the circumstances or unless its literal meaning renders the sense dubious." 67 C.J.S. Or. pp. 517, 518.

On the disjunctive use of the word "and": "Ordinarily the words 'and' and 'or', are in no sense interchangeable terms, but, on the contrary, are used in the struc-

ture of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word 'and' is sometimes construed to mean 'or'. This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake. \* \* \*" 3A C.J. S. And, pp. 451–453.

Missouri authorities on the interchangeability of the words "and" and "or" are collected in Jones v. Haines, Hodges & Jones Bldg. & Develop. Co., 371 S.W.2d 342, 344[6] (Mo.App.1963); City of St. Louis v. Consolidated Products Co., 185 S.W.2d 344, 346[2] (Mo.App.1945); Ex Parte Lockhart, 350 Mo. 1220, 171 S.W.2d 660, 666[21] (banc 1943), and Hurley v. Eidson, 258 S.W.2d 607 (Mo. banc 1953). In the latter case the Court said that the word "or" in statutes is frequently interpreted to mean "and", and this interpretation is given to it whenever required to carry out the plain purpose of the act and when to adopt the literal meaning would defeat or frustrate the purpose of the enactment, or lead to an absurd result.

▪ Given these guideposts we conclude that the use of the word "or" in § 452.080 was inadvertent; that § 452.080 is to be interpreted as permissive and not exclusive; that the word "or" as used in that section is construed in a coupling and connective sense as meaning "and", or more accurately "and/or"; that it was the intention of the legislature, as manifested by immediately preceding § 452.070, that in awarding alimony courts should have full authority to make orders tailored to fit the case at hand; orders that are reasonable and just. considering the circumstances of the parties and the nature of the case; that the legislature did not intend to restrict the court or give it authority only in the alternative—did not intend to "tie the hands" of courts in cases in which both types of alimony might be deemed appropriate or necessary in order to mete out justice to both parties; that on the contrary the legislature intended to invest courts with flexible and nonrigid powers in framing alimony orders. Such an interpretation is necessary to effectuate the objective of the legislation. Any other interpretaton would be inconsistent with the whole context of the subject of alimony and lead to the absurd result of prohibiting a court from entering a decree providing for both types of alimony when under the peculiar circumstances of a case that would be the only just and proper order.

This view is consistent with the better-decided cases in other jurisdictions. Shapiro v. Shapiro, 115 Colo. 505, 176 P.2d 363, 364 (banc 1946); Gage v. Gage, 165 Ohio St. 462, 136 N.E.2d 56, 59 (1956); Klump v. Klump, 96 Ohio App. 93, 121 N.E.2d 273, 274 (1954); Fuller v. Fuller, 175 Or. 136, 151 P.2d 979, 981 (1944). The Florida case of Deigaard v. Deigaard, supra, cited by appellant, is no longer the law in that state. The present Florida alimony statute reads, "In any award of alimony, the court may order periodic payments or payments in lump sum or both \* \* \*." Fla.Stat. § 61.08, F.S.A.; Laws 1971, c. 71–241, § 10. This leaves South Carolina as the only state brought to our attention in which the restrictive interpretation contended for by appellant obtains. Brewer v. Brewer, supra. In a dissenting opinion in that case Justice Bussey, referring to the majority's reliance upon Florida decisions, observed that "[t]he weight of persuasive authority from other jurisdictions, however, appears to me to be to the contrary."

We have thoroughly reviewed the 909-page transcript, and the several exhibits introduced into evidence. Included in the transcript is a 19-page opinion issued by the trial judge, consisting of detailed findings of fact and conclusions of law, and

grounds for the decision. Finding ample support for the findings of fact and conclusions of law contained in the opinion of the trial judge, and reaching the same conclusions arrived at by the trial judge, we concur in and approve his opinion. The judgment and decree of the trial court on points (2) and (3) above being based on findings of fact which are not clearly erroneous; no error of law appearing, and having determined that reproduction of the trial court's opinion on these points would have no precedential value, we do, in compliance with Rule 84.16(b), V.A.M.R., affirm the judgment and decree awarding respondent a divorce and denying appellant a divorce; fixing the amounts of alimony, both in gross and from year to year; child support; attorneys' fees; expenses of litigation, and awarding respondent custody and costs.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.