Dear Representative Proffer:
This letter is in response to your questions asking:
With regard to section 105.270, RSMo:
 1. Does this provision apply when individuals volunteer for duty and consequently orders are issued?
 2. What does "loss of pay" mean? Does the statute require both the public employer and the National Guard to pay full salaries during periods of guard duty?
 3. May school district employees postpone their training exercises with the National Guard to summer months when school is not in session? May they be required to do this?
Section 105.270, RSMo Supp. 1984, states:
 1. All officers and employees of this state, or of any department or agency thereof, or of any county, municipality, school district, or other political subdivision, and all other public employees of this state who are or may become members of the national guard or of any reserve component of the armed forces of the United States, shall be entitled to leave of absence from their respective duties, without loss of time, pay, regular leave, impairment of efficiency rating, or of any other rights or benefits, to which otherwise entitled, for all periods of military services during which they are engaged in the performance of duty or training in the service of this state at the call of the governor and as ordered by the adjutant general without regard to length of time, and for all periods of military services during which they are engaged in the performance of duty in the service of the United States under competent orders for a period not to exceed a total of fifteen calendar days in any federal fiscal year.
 2. Before any payment of salary is made covering the period of the leave the officer or the employee shall file with the appointing authority or supervising agency an official order from the appropriate military authority as evidence of such duty for which military leave pay is granted which order shall contain the certification of the officer of performance of duty in accordance with the terms of such order.
 3. No member of the organized militia shall be discharged from employment by any of the aforementioned agencies because of being a member of the organized militia, nor shall he be hindered or prevented from performing any militia service he may be called upon to perform by proper authority nor otherwise be discriminated against or dissuaded from enlisting or continuing his service in the militia by threat or injury to him in respect to his employment. Any officer or agent of the aforementioned agencies violating any of the provisions of this section is guilty of a misdemeanor.
Section 41.730, RSMo 1978, states:
 1. No person shall discriminate against any member of the organized militia or of the armed forces of the United States because of his membership therein.
 2. No person shall prohibit or refuse entrance to any member of the organized militia of this state or of the armed forces of the United States into any public entertainment or place of amusement because such member is wearing the uniform of the organization to which he belongs.
 3. No employer or officer or agent of any corporation, company or firm, or other person, shall discharge any person from employment because of being a member of the organized militia of this state or hinder or prevent him from performing any militia service he may be called upon to perform by proper authority or dissuade any person from enlistment in the organized militia by threat or injury to him in respect to his employment, trade or business, in case of his enlistment. Any person violating any of the provisions of this section is guilty of a misdemeanor.
 Question No. 1
Your first question asks if a person who volunteers for national guard duty for which orders are subsequently issued is covered by Section 105.270, RSMo Supp. 1984.
Section 41.470, RSMo 1978, authorizes the Governor to order the "organized militia" (defined at Section 41.070, RSMo 1978, to include such elements of the National Guard as are allocated to Missouri) to perform military training and to participate in small arms gunnery competitions. Section 41.480, RSMo 1978, authorizes the Governor to call out the organized militia or any part or individual thereof. Section 41.160.2, RSMo Supp. 1984, charges the Adjutant General with the supervision of all matters pertaining to training of the organized militia of the state.
Section 105.270, RSMo Supp. 1984, refers to "duty or training in the service of this state at the call of the Governor and as ordered by the Adjutant General without regard to length of time". (Emphasis added.) While the word "and" generally refers to the conjunctive, it can be interpreted as a disjunctive word. Hawkins
v. Hawkins, 511 S.W.2d 811 (Mo. 1974). In this instance, it would make little sense to require an order or call from the Governorand an order by the Adjutant General. Such duplication serves no purpose. Accordingly, the above emphasized "and" should be read as "or".
Read in this fashion, subsection 1 of Section 105.270, RSMo Supp. 1984, is triggered in part upon the occurrence of any of three events: (1) The Governor ordering training or gunnery competitions or calling out the organized militia without regard to length of time; or (2) the Adjutant General ordering the individual in question into service or training without regard to length of time; or (3) performance of duty in the service of the United States under competent orders for a period not to exceed a total of fifteen (15) calendar days in any federal fiscal year.
If one of the above-mentioned orders are issued, Section105.270, RSMo Supp. 1984, is operative, despite the fact that the individual initially volunteered for service. Subsection 2 of Section 105.270, RSMo Supp. 1984, requires the filing of this order with the public employer. Any other construction of the statute would tend to dissuade people from enlisting in the militia and might be a discriminatory practice prohibited by Section 41.730.1, RSMo 1978. See, also, Sections 41.730,3, RSMo 1978, and 105.270.3, RSMo Supp. 1984.
Question No. 2
Your second question asks if a person is entitled to pay under Section 105.270, RSMo Supp. 1984, if such person is also receiving national guard pay. Opinion No. 1, Sheppard, 1959, copy enclosed, concluded that Section 105.270, RSMo 1949 (which is the same as the present statute in all relevant respects, although other changes have occurred), requires that covered employees are to receive their regular salaries while on national guard pay. This opinion answers your second question.
Question No. 3
Your third question asks whether school district employees may or are required to postpone their training exercises with the national guard to summer months when school is not in session.
As previously stated, Section 105.270, RSMo Supp. 1984, is triggered by an appropriate order. If such order postpones service or training exercises until the summer months, then such service or training is postponed. If such order calls for military service at a time other than the summer months, then such service may not be postponed.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure