Jeanette **MOODY**,
Petitioner-Respondent,

v.

Thomas W. **MOODY**,
Respondent-Appellant.

No. 49810.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 10, 1987.

Motion for Rehearing and/or Transfer
Denied March 11, 1987.

Daniel B. Hollingsworth, Hillsboro, for respondent-appellant.

John A. Klobasa, St. Louis, for petitioner-respondent.

SMITH, Presiding Judge.

Husband appeals from a judgment in a dissolution action. His challenge on appeal is to the division of marital property, the award of maintenance and maintenance-in-gross, and the award of attorney's fees. We affirm.

Underlying all of husband's assertions is his basic disagreement with the trial court's evaluation of the respective businesses of the parties. Both businesses are marital property. Husband operates through a closely held corporation as a painting contractor. The business was founded during the marriage and for most of the years of the marriage wife provided the bookkeeping and clerical services for the business. After the separation of the parties, husband fired her, despite her status as a fifty percent owner of the corporation's stock. Following the separation, wife, utilizing her share of some marital property which the parties had divided, opened a video movie rental business in Pacific.

The trial court awarded the painting company to husband, the video rental business to wife, and distributed the other major marital asset, the home, to wife. In addition it awarded wife $15,000 maintenance-in-gross to balance the division of marital property, and $1000 per month periodic maintenance and attorney's fees of $3000.

■ The trial court appraised the value of the painting company at $78,000 and that of the video rental business at $9,000. On the basis of those valuations the distribution of marital property including the maintenance-in-gross award is approximately 50–50. Defendant contends the painting business was overvalued and the video rental business undervalued. Both valuations were based upon financial statements prepared by professional accountants. Those statements alone are enough to support the valuations. The painting company produced an income for its owners of nearly $70,000 in 1984 and business at the time of trial was, by husband's testimony, better than it had ever been. Husband's testimony at trial of a value of $15,000 to $20,000 was based upon the value of the company's equipment and conveniently omitted cash and accounts receivable which brought the equity value of the company to the value found by the court. The video rental business on the other hand was not a long established business and has operated at a loss since its inception. Husband points to a large inventory of video films and equipment purchased for approximately $100,000. He ignores, however, the evidence that such films depreciate in value at a remarkably rapid rate and after an initial brief period following their acquisition have very little value at all. The court's finding on valuation of the two businesses was based upon substantial evidence and was not erroneous. There was no error in the distribution of marital property.

■ What we have said concerning the marital property disposes also of husband's claim concerning the maintenance-in-gross. That award was necessary to balance the distribution of marital property in view of the valuations found by the trial court. Such an award is proper for that purpose. *Hawkins v. Hawkins*, 511 S.W.2d 811 (Mo. 1974); *Scott v. Scott*, 645 S.W.2d 193 (Mo. App.1982).

■ Husband's challenge to the periodic maintenance is also based upon certain misconceptions of wife's video rental business. The thrust of the argument is that wife is utilizing revenues from that business to purchase additional films and equipment and is paying her son extravagantly for his work for the business. As a result wife is not able to receive a salary from the business. The evidence indicates that the adult son works considerably in excess of 40

hours per week for a monthly salary of approximately $1200. What he does is necessary for the operation of the business. The evidence clearly supports a conclusion that he is not paid extravagantly and that his services are necessary. The complaints concerning acquisition of additional inventory ignore the evidence that the video rental business is highly competitive and survival depends upon having available new releases in sufficient quantities to adequately service customers. Nothing in the record supports a conclusion that wife's expenditures in this regard are excessive or unbusinesslike. Husband also complains that he should not be required to indefinitely support wife's unsuccessful business operation when she is capable of supporting herself through other employment. In view of the income available to the family during the marriage, the amount of maintenance decreed serves only to furnish the additional money above what wife could reasonably earn necessary for wife to maintain her prior standard of living. That she has chosen to reduce her standard of living to that allowable under the maintenance award in order to continue her business in an attempt to make it profitable is of no real concern to husband. Wife devoted her efforts during the marriage to advancing the business of the painting company and gave up the opportunities for outside employment. Husband's income from that business is substantial and the amount of maintenance and child support awarded is well within his ability to pay. That income is in part the result of wife's efforts and there is nothing in this record to indicate that she has the capacity to earn sufficient money to maintain her previous living standard which husband continues to enjoy. We find no error in the award of maintenance.

■ Award of attorney's fees is within the discretion of the court. Husband has available income of approximately $70,000 per year, wife has no income except the maintenance award. There was no abuse of discretion in awarding her attorney's fees and the amount awarded was quite reasonable.

Motions taken with the case are denied. Judgment affirmed.

DOWD and REINHARD, JJ., concur.