

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, )
)
Respondent, )
)
v. ) No. SC99317
)
SHAWN W. YOUNT, )
)
Appellant. )

*Opinion issued April 5, 2022*

## APPEAL FROM THE CIRCUIT COURT OF CAPE GIRARDEAU COUNTY
### The Honorable Benjamin F. Lewis, Judge

Shawn W. Yount appeals the circuit court's judgment finding him to be a dangerous offender. Yount claims the circuit court plainly erred in sentencing him to an enhanced range of punishment because the State failed to plead all essential facts and introduce evidence establishing sufficient facts to warrant a finding beyond a reasonable doubt that he was a dangerous offender. This Court agrees. The circuit court's judgment is reversed, and the case is remanded for resentencing.

## Background

Yount was charged with six counts of the class D felony of second-degree burglary following a string of burglaries in December 2018 and January 2019. Prior to a jury trial, the State filed a motion to amend the information, alleging Yount was a dangerous offender subject to an extended term of imprisonment because: "Defendant has been found guilty

of a dangerous felony as follows: on or about June 21, 1994, [D]efendant was found guilty of the felony of kidnapping in the Circuit Court of Cape Girardeau County, Missouri, and such felony was a dangerous felony as defined in Section 556.061(19), RSMo."[1]  A copy of Yount's 1994 kidnapping conviction was admitted into evidence.  The circuit court then found Yount was a dangerous offender.

The jury found Yount guilty of four counts of second-degree burglary (Counts I, IV, V, and VI).  *See* section 569.170 (establishing second-degree burglary as a class D felony).  Yount was sentenced to 15 years imprisonment for each count, which is the maximum level of punishment for a class B felony.  *See* section 558.011.1(2).[2]  Concurrent sentences on Counts I and IV were to run consecutively to concurrent sentences on Counts V and VI, resulting in Yount being sentenced to a total of 30 years imprisonment.

This appeal follows.[3]

---

[1] All statutory references are to RSMo 2016 unless otherwise specified.

[2] Both parties agree it was plain error for the circuit court to sentence Yount to a term of imprisonment exceeding the maximum term authorized under a class C felony because Yount was charged with several counts of the class D felony of second-degree burglary. As section 558.016.7 states, "The court shall sentence a person, who has been found to be … a dangerous offender, and is found guilty of a class … D … felony to the authorized term of imprisonment for the offense that is **one class higher** than the offense for which the person is found guilty." (Emphasis added); *see also* section 558.011.1(3) (capping the maximum term for a class C felony at 10 years).  For the reasons discussed in this opinion, however, this issue is moot.

[3] The court of appeals transferred the case to this Court on its own motion pursuant to Rule 83.02.  This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

**Standard of Review**

Because Yount failed to object to the circuit court's finding that he was a dangerous offender, he concedes he did not properly preserve this point. Accordingly, Yount seeks plain error review under Rule 30.20.

"Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017) (internal quotation omitted). Under this standard, "the defendant bears the burden of establishing manifest injustice" amounting to plain error. *State v. Oates*, 540 S.W.3d 858, 863 (Mo. banc 2018). "Being sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *State v. Russell*, 598 S.W.3d 133, 136 (Mo. banc 2020) (quoting *State v. Severe*, 307 S.W.3d 640, 642 (Mo. banc 2010)); *see also* Rule 30.20.

Statutory interpretation is an issue of law reviewed *de novo*. *State v. Richey*, 569 S.W.3d 420, 423 (Mo. banc 2019). "When ascertaining the legislature's intent in statutory language, it commonly is understood that each word, clause, sentence, and section of a statute should be given meaning." *Middleton v. Mo. Dep't of Corr.*, 278 S.W.3d 193, 196 (Mo. banc 2009).

**Analysis**

Yount argues the circuit court erred in finding him to be a dangerous offender because the State failed to plead all essential facts and introduce evidence at trial establishing sufficient facts to warrant a finding that he was a dangerous offender. More

3

specifically, Yount contends the State pleaded essential facts and introduced sufficient evidence only to establish one of the two required elements of section 558.016.4.

Section 558.016.4 states:

A **"dangerous offender"** is one who:

> (1) Is being sentenced for a felony during the commission of which he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted or threatened to inflict serious physical injury on another person; ***and***

> (2) Has been found guilty of a class A or B felony or a dangerous felony.

(Second emphasis added).

Additionally, section 558.021.1 explains the procedure required for the circuit court to find a defendant to be a dangerous offender:

> (1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

> (2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

> (3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender.

Pursuant to the above statutory provisions, it is undisputed the State sufficiently pleaded all essential facts and provided evidence establishing Yount has been found guilty of a dangerous felony based upon his 1994 kidnapping conviction, satisfying the conditions

4

of subdivision (2) of section 558.016.4.  It is also undisputed the State neither pleaded all essential facts nor provided evidence establishing that, during the commission of Yount's currently charged burglary offenses, he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted or threatened to inflict serious physical injury on another person.  *See* section 558.016.4(1).  Accordingly, because the State satisfied only one of the two subdivisions in section 558.016.4, this Court's sole task is to determine whether both subdivisions (1) *and* (2) of section 558.016.4 must be sufficiently pleaded and proven pursuant to the requirements of section 558.021.1 before an individual may be designated as a dangerous offender, or whether sufficiently pleading and proving either subdivision (1) *or* (2) pursuant to section 558.021.1 is adequate.

Significantly, subdivisions (1) and (2) of section 558.016.4 are connected by "and," not "or."  Generally, "and" is interpreted to mean "along with" or "together with."  *See Burns v. Smith*, 303 S.W.3d 505, 511 (Mo. banc 2010); *see also Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 615 (Mo. banc 2016) (holding "and" most commonly means "and").  In other words, under ordinary circumstances, when "and" connects two subdivisions, "and" fulfills its role as a logical connective requiring both subdivisions be satisfied.  *Burns*, 303 S.W.3d at 511.

Nonetheless, as the State points out, in rare situations this Court has treated "and" as interchangeable with "or."  *See Hawkins v. Hawkins*, 511 S.W.2d 811, 813 (Mo. 1974).  For example, *Hawkins* held an alimony statute allowed the award of both alimony in gross and from year to year, even when the statute specified the court may, "in its discretion,

5

decree alimony in gross *or* from year to year." *Id.* at 812 (emphasis added). This Court explained:

> On the disjunctive use of the word "and": [ ]Ordinarily the words "and" and "or", are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word "and" is sometimes construed to mean "or". ***This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion***; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake.

*Id.* at 812-13 (emphasis added). Ultimately, this Court determined a strong reason existed to find "or" to be interchangeable with "and" because of the clear legislative intent to grant courts "full authority to make [alimony] orders tailored to fit the case at hand; orders that are reasonable and just." *Id.* at 813.

The State argues this Court should follow *Hawkins* and interpret "and" connecting subdivisions (1) and (2) of section 558.016.4 to mean "or." However, this Court is not persuaded. As was explained in *Hawkins*, "and" may be interpreted in a way counter to its generally understood meaning only when strong reasons exist to do so. 511 S.W.2d at 813. Here, none of the State's arguments provide a strong reason for interpreting "and" in a way counter to its generally understood meaning. In contrast to *Hawkins,* in which there was a strong and clearly evinced desire to grant courts considerable flexibility in making alimony determinations, here the State's pedantic grammatical argument about the placement of a colon near a "predicate nominative adjective phrase" does not provide a

6

similarly strong reason to ignore the statute's plain language.[4]  In truth, a commonsense reading of section 558.016.4 provides no indication that the legislature intended for "and" to be construed in any way other than its generally understood meaning.  *See Parktown Imports, Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009) ("This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue.").

Furthermore, unlike the alimony statute in *Hawkins*, the context of the dangerous offender statute does not favor the State's desired interpretation.  If only one subdivision of section 558.016.4 needed to be properly pleaded and supported with evidence, then anytime a defendant was charged with a felony during the commission of which he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted or threatened to inflict serious physical injury on another person, he would be subject to a sentencing enhancement pursuant to subdivision (1) of section 558.016.4.  This would create the untenable result by which certain felonies always would be subject to a sentencing enhancement, ignoring the legislature's chosen class designations for those felonies.  If the legislature wished such felonies to be charged higher,

---

[4] Moreover, this Court has previously approved a circuit court's determination that an individual was a dangerous offender, as defined in section 558.016, RSMo 1978, when the record established the individual: (1) threatened the life of the victim, ***and*** (2) was previously convicted of a class A felony.  *State v. Reese*, 625 S.W.2d 130, 134 (Mo. banc 1981).  While not directly addressing the issue presented in this case, it is noteworthy that this Court explained how the defendant satisfied both subdivisions (1) and (2).  *Id.*; *see also State v. Sloan*, 561 S.W.3d 831, 837 (Mo. App. 2018) (holding both subdivisions of section 558.016.4 were satisfied).

it would have simply done so through its class designations and avoided the additional procedural hurdle created by section 558.016.4.

The State also contends "and" should be interpreted to mean "or" because a conflict exists between the language of section 558.016.4 and MACH-CR 2d 2.30, Notes on Use No. 4. It is true this Notes on Use language conflicts with the language of section 558.016.4. MACH-CR 2d 2.30, Notes on Use No. 4 states: "The punishment range for a 'dangerous offender' may be enhanced *either* due to prior convictions *or* because defendant's conduct in committing the present felony endangered or threatened the life of another person." (Emphasis added).

When a conflict exists between a statutory provision and MACH-CR 2d or its notes on use, however, this Court follows the substantive law. *See State v. Celis-Garcia*, 344 S.W.3d 150, 158 (Mo. banc 2011) ("To the extent MAI-CR and its notes on use conflict with this substantive law, they are not binding."). Section 558.016.4, the statutory provision defining a dangerous offender, is the source of the substantive law.[5] *Hervey v. Mo. Dep't of Corr.*, 379 S.W.3d 156, 159 (Mo. banc 2012) (explaining the source of the substantive law was the relevant statute); *State v. Welch*, 600 S.W.3d 796, 810 (Mo. App. 2020) ("The source of the substantive law in this case is the statute for assault in the first

---

[5] The State also references *State v. Libertus*, 496 S.W.3d 623, 629 (Mo. App. 2016), in which the court of appeals found MACH-CR 2d 2.30 and its notes on use to be "extremely persuasive." However, *Libertus* did not address the issue presented in this case. Instead, *Libertus* dealt with the distinct issue of whether it was improper for the circuit court to find *sua sponte* Libertus to be a dangerous offender when the State conceded it failed to properly plead the dangerous offender sentencing enhancement. *Id.* at 630.

degree."). Therefore, because the use of "or" in MACH-CR 2d 2.30, Notes on Use No. 4 conflicts with "and" in section 558.016.4, the "and" in section 558.016.4 must be followed.

Unless a compelling reason exists to deviate from the commonly understood meaning of "and," courts should decline to do so. Because no compelling reason to deviate from the commonly understood meaning of "and" exists here, to charge Yount as a dangerous offender, the State was required to satisfy both subdivisions (1) and (2) of section 558.016.4 pursuant to the requirements of section 558.021.1. Because the State failed to do so, the circuit court plainly erred in sentencing Yount to sentences greater than the maximum authorized by law, resulting in manifest injustice. *Russell*, 598 S.W.3d at 136. Therefore, Yount's sentences are reversed, and the case is remanded for resentencing in accordance with this opinion.[6]

---

[6] The State has requested that, upon remand, it be given an opportunity to amend the information so it may properly charge Yount as a "persistent offender." However, as explained in *State v. Severe*, the State may not be given "two bites at the apple when the statute allows only one bite." 307 S.W.3d at 645 (internal quotation omitted); *see also* section 558.021. Accordingly, because the State already had an opportunity to plead and present evidence establishing Yount was a persistent offender, the State's request for a second bite at the apple is denied.

## Conclusion

For the reasons set forth above, the circuit court's judgment is reversed, and the case is remanded for resentencing.

_____
Robin Ransom, Judge

Wilson, C.J., Russell, Powell, Breckenridge and
Fischer, JJ., concur; Draper, J.,
dissents in separate opinion filed.



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,                     )
                                       )
                   Respondent,         )
                                       )
v.                                     )          No. SC99317
                                       )
SHAWN W. YOUNT,                        )
                                       )
                   Appellant.          )

### DISSENTING OPINION

I respectfully dissent. I believe the state pleaded and proved Shawn W. Yount (hereinafter, "Yount") was a dangerous offender pursuant to section 558.016.4, RSMo 2016[1] because the punctuation used in this statute indicates a list of independent options from which the state may choose to plead and prove to satisfy its burden of demonstrating a defendant is a dangerous offender. While I believe the state proved Yount was a dangerous offender, I would not affirm the circuit court court's judgment, however, because I believe the circuit court plainly erred when it enhanced Yount's sentence to fifteen years, which was beyond the authorized extended term for a class C felony in light of Yount's convictions for class D felonies. *See* section 558.016.7 (directing the circuit

---

[1] All statutory references are to RSMo 2016.

court to sentence a dangerous offender to an "authorized term of imprisonment for the offense that is one class higher than the offense for which the person is found guilty"); section 558.011.1(3) (stating the maximum term of imprisonment for a class C felony is ten years).

Section 558.016.4 defines a "dangerous offender" as one who:

(1) Is being sentenced for a felony during the commission of which he knowingly murdered or endangered or threatened the life of another person or knowingly inflicted or attempted or threatened to inflict serious physical injury on another person; and

(2) Has been found guilty of a class A or B felony or a dangerous felony.

The state asserts the legislature's use of a colon after the words "one who" indicates the legislature's intent for the predicate nominative, "one who," to be completed with either of the numbered paragraphs, both of which can be appended to the predicate nominative to make a complete sentence.

Generally, courts are reluctant to determine legislative intent based solely on punctuation and grammatical construction. *Missourians to Protect the Initiative Process v. Blunt*, 799 S.W.2d 824, 830 (Mo. banc 1990). To that end, the principal opinion blithely dismisses this approach as a "pedantic grammatical argument." Yet the legislature's use and placement of the colon are critical to assessing the statute's plain meaning and informs the meaning attributed to "and" in this statute. The grammatical structure of the statute using a colon after "one who" indicates a list from which the legislature intended to identify two categories of defendants who may qualify as dangerous offenders: (1) offenders whose present offense is a dangerous offense, and (2) offenders whose prior offense was a

2

dangerous offense. Hence, the state has two options from which to choose when pleading and proving dangerous offenders under the statute.[2]

The principal opinion applies the conventional use of "and" as a conjunctive to support its holding that both numbered paragraphs must be pleaded and proved for an offender to qualify as a dangerous offender. Yet, this Court does not construe "and" as a conjunctive in every instance, as explained in *Hawkins v. Hawkins*, 511 S.W.2d 811, 812-13 (Mo. 1974):

> On the disjunctive use of the word "and": [] Ordinarily the words "and" and "or", are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature. Nevertheless, in order to effectuate the intention of … a legislature, … the word "and" is sometimes construed to mean "or". This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake.

The principal opinion summarily dismisses the state's argument providing a strong reason for interpreting "and" to mean "or" in this instance. However, by reading "and" as a disjunctive evidences the legislature's intent to exercise its police power to protect Missouri citizens from offenders whose present offense is inherently dangerous by knowingly murdering, endangering, or threatening the life or inflicting serious physical injury on another person *or* from past offenders who have committed class A, class B, or

---

[2] This reading is further supported by MACH-CR 2d 2.30, Notes on Use No. 4, which provides, "The punishment range for a 'dangerous offender' may be enhanced *either* due to prior convictions *or* because defendant's conduct in committing the present felony endangered or threatened the life of another person." (Emphasis added).

dangerous felonies. If this does not provide "strong reasons" to read the statute accordingly, one wonders what stronger reason would satisfy this Court.

It is undisputed the state sufficiently pleaded all essential facts and provided evidence demonstrating Yount was a dangerous offender because he had been found guilty of a dangerous felony when he was convicted of kidnapping in 1994. This showing satisfied section 558.016.4(2); therefore, the state met its burden of demonstrating Yount was a dangerous offender under the statute. Accordingly, I would find the circuit court did not commit plain error in classifying Yount as a dangerous offender. I would, however, reverse the cause and remand for resentencing because the circuit court committed plain error in imposing terms of imprisonment that exceeded the statutory maximum for an enhanced sentence.

_____
GEORGE W. DRAPER III, Judge